UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AFSHAN ZAHEER on behalf of MUHAMMAD S. FAROOQ, <br>       Petitioner, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br>       Respondent. | Civil Action No. 21-11702-JCB |

REPORT AND RECOMMENDATION TO
DENY THE PETITION AND DISMISS THE ACTION

November 10, 2021

**BOAL, U.S.M.J.**

On October 18, 2021, Petitioner Afshan Zaheer filed a petition on behalf of her spouse, Muhammad S. Farooq.[1] See generally Docket No. 1. I have examined the petition[2] and for the reasons below, I recommend that a United States District Judge DENY the petition and DISMISS this action without prejudice.

I.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

Farooq was apparently serving a ten-year state prison sentence when, on June 2, 2021, he was transferred to U.S. Immigration and Customs Enforcement ("ICE") custody. Docket No. 1 ¶ 11; Docket No. 1-2 at 1. On June 17, 2021, Farooq received a deportation order. Docket No. 1 at ¶ 6. However, when his September 20, 2021 deportation date arrived, ICE informed Farooq

---

[1] For purposes of this analysis, this Court presumes without finding that Farooq's spouse may bring an action under the next friend doctrine. See Mendonca v. I.N.S., 52 F. Supp. 2d 155, 160 (D. Mass. 1999), aff'd, 201 F.3d 427 (1st Cir. 1999).
[2] I have examined the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as applicable to a 28 U.S.C. §2241 petition under Rule 1(b).

that they were missing some documentation, which they said would prevent his immediate removal. Id. ¶¶ 6, 11. Zaheer now seeks release of Farooq because she was informed that there could be a two-to-three-month delay in Farooq's deportation.³ See Docket No. 1-2.

II.     STANDARD OF REVIEW

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to examine a petition, and if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition." Rule 4; see also McFarland, 512 U.S. 849, 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of Section 2254 petition).

Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant or person detained is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ should not be granted." 28 U.S.C. § 2243; see also Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

III.    ANALYSIS

The procedure for removal of an alien⁴ from the United States is set forth in 8 U.S.C. § 1231. "Once an alien is ordered removed, [the Department of Homeland Security ("DHS")] must physically remove him from the United States within a 90-day 'removal period.'" Johnson v. Guzman Chavez, 141 S. Ct. 2271, 2281 (2021) (citing 8 U.S.C. § 1231(a)(1)(A)). "Under §

---

³ Zaheer also asserts that Farooq was informed that ICE may attempt to "escort him [o]nto a commercial flight or release him." Docket No. 1-2.
⁴ Although the term "alien" may be perceived as pejorative, this Court uses the term for purposes of consistency, as it is used in both the pertinent statutes and case law.

2

1231, the removal period may be extended in at least three circumstances, such that an alien remains detained after 90 days have passed." Id. For example, "an alien may be detained beyond the removal period or released under supervision if he is (1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." Id. This continued detention "creates the 'post-removal-period.'" Id.

Although Section 1231 "does not specify a time limit on how long DHS may detain an alien in the post-removal period," the Supreme Court has held that "an alien may be detained only for 'a period reasonably necessary to bring about that alien's removal from the United States.'" Id. (quoting Zadvydas v. Davis, 533 U.S. 678, 689 (2001)). That period is presumptively six months. Id. "After that point, *if* the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." Id. (emphasis added).

Here, Farooq was apparently transferred to ICE custody in Massachusetts after being paroled on a ten-year prison sentence in Rhode Island and was subsequently ordered removed. Assuming, arguendo, that the order became final on the same date that it was issued, the removal period began on June 17, 2021. The ninety-day period expired on September 15, 2021, and the presumptive six-month period ends on December 17, 2021. Zaheer does not contend that the order of removal or imposition of post-removal detention was erroneous. Rather, she alleges that in late September, the removal process was interrupted because of paperwork problems and that it is estimated that removal might take an additional two-to-three months. Depending on when the calculation of the two-to-three-month period of delay begins, it will fall either within

the six-month presumptive period of removal under Zadvydas, 533 U.S. at 689, or shortly after its expiration. Even if the detention exceeds the presumptive period, on the face of the petition there is no argument made, let alone "good reason to believe[,] that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Just the opposite: Zaheer posits only that an issue with paperwork has delayed removal by, at most, two-to-three months and acknowledges that Farooq may be deported sooner if DHS removes him on a commercial flight. Indeed, Zaheer has essentially alleged that there *is* a "significant likelihood of removal in the reasonably foreseeable future." Id. On the face of the petition, Zaheer cannot prevail because she does not contest that deportation will likely occur, at the latest, sometime in January 2022, a mere month after the presumptive period expires.

III.   RECOMMENDATION

For the foregoing reasons, I recommend that the United States District Judge assigned to this action DENY the petition and DISMISS this action without prejudice.

IV.   REVIEW BY DISTRICT JUDGE

Zaheer is hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See FED. R. CIV. P. 72 and Habeas Corpus Rule 8(b). Zaheer is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with FED. R. CIV. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199

F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge